# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv177

| | |
|---|---|
| CLIFFORD J. FOX, ) ) Plaintiff, ) ) vs. ) ) AFLAC INCORPORATED, a Georgia ) corporation, and AMERICAN FAMILY ) LIFE ASSURANCE COMPANY OF ) COLUMBUS, a Georgia corporation, ) ) Defendants. ) ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand [Doc. 6].

## PROCEDURAL HISTORY

On June 9, 2011, the Plaintiff Clifford J. Fox (Fox) initiated this action in state court. [Doc. 7, at 1]. On June 20, 2011, he filed an Amended Complaint in the state court action alleging claims for breach of contract, bad faith insurance practices and unfair and deceptive trade practices in connection with an accident insurance policy. [Doc. 1-1]. In the breach of contract claim, Fox alleged that "[u]nder the terms of the policy, Defendants are indebted to

the Plaintiff in a sum of at least $25,000.00 for the coverage[.]" [Id., at 5]. In the ad damnum clause of the Complaint, Fox sought compensatory damages "in excess of $10,000.00" as to each cause of action as well as treble damages pursuant to the bad faith insurance practices and unfair and deceptive trade practices claims. [Id., at 6]. Fox also alleged that he is a citizen and resident of North Carolina while each of the Defendants is a Georgia corporation having their principal places of business in Columbus, Georgia.[1] [Id., at 1].

On July 15, 2011, the Defendants removed the action to this Court within the thirty day provision required by 28 U.S.C. §1446(b). [Doc. 1]. The Defendants' removal was based on diversity jurisdiction because Fox seeks "at least $25,000.00" in damages on the breach of contract claim and also seeks treble damages as to the bad faith insurance practices and unfair and deceptive trade practices claims. [Id., at 3]. Thus, the Defendants noted that the aggregation of the damages sought exceeds the jurisdictional threshold of $75,000.00. [Id.]. One week later, Fox moved to remand to state court on the ground that the jurisdictional threshold is not met. [Doc. 7].

---

[1] In the Answer, the Defendants clarified that American Family Life Assurance Company of Columbus is actually a Nebraska corporation having its principal place of business in Georgia. [Doc. 11, at 1].

2

**FACTUAL BACKGROUND**

Since January 2005, Fox has had an accident insurance policy, Policy Number PD102701, issued by the Defendants for which he had paid all monthly premiums. [Doc. 1-1, at 3]. The policy provided, among other things, for a hospital confinement benefit of $250.00 per day when the insured is confined, as the result of an accident, to a hospital room for at least 18 hours per day, with the benefit not to exceed a 365 day period. [Id.]. In May 2010, Fox was staying with his step-son in Kansas while recovering from back surgery. [Id.]. While there, he fell in the bathroom and sustained fractures to his vertebrae. [Id.]. Fox was hospitalized from June 6, 2010 until his discharge on September 25, 2010. [Id.].

Fox applied for coverage for this period of hospitalization, seeking the hospital confinement benefit of $250.00 per day for the 111 day period of confinement.[2] [Id.]. In May 2011, the Defendants denied the claim for benefits. [Id.]. As a result, Fox sued for breach of the insurance contract, bad faith in handling his insurance claim and unfair and deceptive trade practices based on the bad faith handling of his claim.

---

[2]Fox calculates the period as 100 days, hence the demand for "at least $25,000." Unless the dates of admission and/or discharge are erroneously stated, this calculation is incorrect. The Defendants calculate the period of hospitalization as 111 days because they exclude the date of discharge. The hospital confinement benefit would thus be valued at $27,750.00. Fox did not file a reply to the Defendants' response in which they value the benefit at $27,750.00 and the Court therefore finds it undisputed.

**DISCUSSION**

The party seeking removal has the burden of establishing by a preponderance of the evidence that the jurisdictional threshold amount in controversy is met. Bartnikowski v. NVR, Inc., 307 Fed.Appx. 730, 734 (4th Cir.2009) (noting other circuits require preponderance standard although not yet adopted in this circuit). "Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." Id. "Determining the amount in controversy becomes more difficult, however, where, as here," the amount was stated in terms of a state court complaint. Id. In North Carolina, "a plaintiff can plead for judgment in excess of a certain dollar amount, ...making it difficult to determine the exact amount in controversy[.]" Lee Elec. Const., Inc. v. Eagle Elec., LLC, 2003 WL 21369256 **2 (M.D.N.C. 2003) (citing N.C.R.C.P. 8(a)(2) and 14C Charles Alan Wright, Federal Practice and Procedure, §3725 at 79 (3d. 1998)). Such is the case here where Fox alleged that the Defendants owe him "at least $25,000.00" for the breach of contract claim but then stated damages in his ad damnum clause as in excess of $10,000.00. Id.

The test in the Fourth Circuit for calculating the amount in controversy is "the pecuniary result to either party which [a] judgment would produce." Dixon v. Edwards, 290 F.3d 699, 710 (4th Cir. 2002) (citation omitted).

4

Obviously, the pecuniary result here is the $27,750.00 hospital confinement benefit. Burrell v. Sparkkles Reconstruction Co., 189 N.C.App. 104, 109, 657 S.E.2d 712, 716 (2008), disc. rev. denied 362 N.C. 469, 665 S.E.2d 738 (2008) ("when an insurance company breaches its policy with an insured party, the damages owed to the insured are the amount of coverage due"). Critical to the inquiry, however, is the issue of whether trebled damages may be used to reach the jurisdictional threshold of $75,000.00. Without citing any case law, Fox argues that such damages may not be so used. He further argues that even if the $25,000.00 damages are trebled, the amount still does not exceed $75,000.00, completely ignoring the fact that the record shows he was hospitalized for more than 100 days.

Fox seeks trebled damages pursuant to N.C.Gen.Stat. §58-63-15 which proscribes bad faith insurance practices. "Although claims of unfair or deceptive trade practices are generally brought under N.C.Gen.Stat. §75-1.1, if such practices occur in the insurance industry, they are instead governed by N.C.Gen.Stat. §58-63-15 and, if proven, deemed to be violations of Chapter 75 as a matter of law." Burrell, 189 N.C.App. at 111, 657 S.E.2d at 717 (citing Miller v. Nationwide Mut. Ins. Co., 112 N.C.App. 295, 302, 435 S.E.2d 537, 542-43 (1993), disc. review den. 335 N.C. 770, 442 S.E.2d 519 (1994) (other citations omitted). Thus, if Fox prevails on the bad faith

insurance practices claim, he would be entitled to treble his compensatory damages of $27,750.00. Murray v. Nationwide Mut. Ins. Co., 123 N.C.App. 1, 13, 472 S.E.2d 358, 364 (1996), disc. review den. 345 N.C. 344, 483 S.E.2d 172 (1997) ("[A]n injury suffered may provide for both a cause of action sounding in common law ..., and simultaneously constitute conduct which is an unfair and deceptive trade practice."). Such trebled damages would thus exceed the $75,000.00 jurisdictional threshold amount. Wall v. Fruehauf Trailer Services, Inc., 123 F.App'x. 572, 577 (4th Cir. 2005) (trebling damages would increase amount in controversy to in excess of $75,000.00 and thus the amount in controversy requirement was met); R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, Inc., 23 F.App'x. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages, such as treble damages, available to [plaintiff] under the [Unfair Trade Practices Act.]") (citations omitted); Mozingo v. Orkin, Inc., 2011 WL 845896 (E.D.N.C. 2011) (noting that trebled damages for unfair trade practice would meet threshold except that claim had been dismissed); Unitrin Auto and Home Ins. Co. v. Bastida, 2009 WL 3591190 (W.D.N.C. 2009) (noting that in considering whether threshold amount in controversy is met for bad faith insurance claim the "full amount of

the trebled damages can be considered").[3]  For these reasons the Court concludes tht the fact of the Complaint alleges facts and claims wherein the amount in controversy exceeds $75,000.  Therefore, the Defendants have carried their burden to show that the threshold amount for diversity jurisdiction is present in this case.

Fox also argues that the Defendants are prohibited from removing this action from state court by state licensure laws.  It is true that insurance companies doing business in North Carolina are held by law to submit themselves to personal jurisdiction and service of process within the state. N.C. Gen. Stat. §§58-3-1, 58-16-5.  It is also true that no insurance company may include a condition in its contracts concerning the court or jurisdiction within which a suit may be brought.  N.C. Gen. Stat. §58-3-35.  None of these provisions, however, bars an insurance company defendant from availing itself of the federal procedural mechanism for removal of cases from state court to a federal court having original jurisdiction thereof. Terral v. Burke Construction Company, 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352 (1922) (state law providing for revocation of licenses of foreign corporations to do

---

[3] The Court thus finds the jurisdictional threshold has been shown without considering the fact that Fox would also be entitled to recover an award of statutory attorneys' fees.  Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005) (statutory attorneys' fees count toward the jurisdictional minimum calculation); Aikens v. Microsoft Corp., 159 F.App'x. 471, 474-75 (4th Cir. 2005).

business in state when they remove cause to federal court unconstitutional); <u>Van Dyke v. Prudential Insurance Company</u>, 192 N.C. 206, 134 S.E. 460 (1926).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 6] is hereby **DENIED**.

Signed: September 6, 2011

Martin Reidinger
United States District Judge